IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **EDWARD E. BARBER, III,** | : | **CIVIL ACTION NO.** |
| **GDC ID # 386486**, Case # 228206, | : | **1:13-CV-00439-WSD-AJB** |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| **BRIAN OWENS, et al.,** | : | **PRISONER HABEAS CORPUS** |
| Respondents. | : | **28 U.S.C. § 2241** |

**UNITED STATES MAGISTRATE JUDGE'S**
**FINAL REPORT AND RECOMMENDATION**

Petitioner has been incarcerated in the Georgia state prison system since October 4, 1988, for a murder, three robberies, and an aggravated assault that were committed in Fulton County, Georgia, in September 1987. *See* "Offender Information: Georgia Offender Search" for GDC ID # 386486, www.dcor.state.ga.us (last visited Mar. 8, 2013). Petitioner has filed a 28 U.S.C. § 2241 petition, ostensibly to challenge these convictions. [Doc. 1].

A federal district court must summarily dismiss a habeas corpus petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases (which also applies to Section 2241 cases, as provided in Rule 1(b)). A court may dismiss a habeas petition prior to any response if the petition "appears legally

insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011) (noting that Rule 4 contemplates a court to act *sua sponte*).

**I.  Discussion**

Petitioner fails to mention in his habeas petition which conviction or convictions he is challenging. [*See generally* Doc. 1]. He nevertheless seeks to have his convictions declared void and to be released from prison because the judge at his trial "was found to be unconstitutionally and unlawfully in office at the time of Petitioner's alleged criminal trial," and thus "he did not have lawful jurisdiction to deprive Petitioner of his life, liberty - nor property (by his homestead) by sending him to prison under a[n] illegal life sentence." [*Id.* at 3]. Petitioner indicates that he raised this claim in an August 2005 state habeas petition, which was denied seven years later, i.e., in 2012. [*Id.* at 2]. Petitioner provides the Court with no additional information about his claims for federal habeas relief, about the state court convictions he challenges herein, or about his previous attempts to challenge them.

The Court finds no basis for providing Petitioner relief in this § 2241 action. *See Hill v. McDonough*, 547 U.S. 573, 579 (2006) ("Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C.

§ 2254, and a complaint under . . . 42 U.S.C. § 1983." (internal quotations omitted)); *Wells v. Attorney General, Florida*, 470 Fed. Appx. 754, 755 (11th Cir. Apr. 16, 2012) (noting that "claims that challenge the validity of the prisoner's conviction or sentence and seek release are cognizable only through a § 2254 petition"); *see also Medberry v. Crosby*, 351 F.3d 1049, 1060 (11th Cir. 2003) (prisoner challenging state conviction and sentence must proceed via § 2254, not § 2241). Thus, Petitioner seeks relief that is available only via a 28 U.S.C. § 2254 habeas corpus petition. Moreover, he has failed to provide the Court with sufficient information in his self-styled 28 U.S.C. § 2241 petition to warrant relief, regardless of the form of the petition. Accordingly, the petition is due to be denied.

## II. Certificate of Appealability

A state prisoner must obtain a certificate of appealability (COA) before appealing the denial of his federal habeas petition. 28 U.S.C. § 2253(c)(1)(A). A COA may issue only when the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)

(internal quotations omitted). A petitioner need not "show he will ultimately succeed on appeal" because "[t]he question is the debatability of the underlying constitutional claim, not the resolution of that debate." *Lamarca v. Sec'y, Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009) (citing *Miller-El v. Cockrell*, 537 U.S. 322, 337, 342 (2003)).

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, as here, a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (internal quotations omitted).

Because it is beyond debate that Petitioner may not proceed via the instant 28 U.S.C. § 2241 habeas corpus petition to obtain his release from state prison, a certificate of appealability is not warranted.

### III.  Conclusion

**IT IS RECOMMENDED** that (1) this 28 U.S.C. § 2241 action be **DISMISSED WITHOUT PREJUDICE**; (2) the Clerk be directed to send to Petitioner a 28 U.S.C. § 2254 habeas corpus petition form; (3) Petitioner be admonished that if he wishes to proceed further with his claims, he must complete the entire § 2254 petition form before

4

returning it to this Court.

The Clerk is **DIRECTED** to terminate the referral to the Magistrate Judge.

**IT IS SO RECOMMENDED and DIRECTED**, this the 8th day of March, 2013.

_____
**ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE**