IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

EDWARD E. BARBER, III,

           Petitioner,

v.                             1:13-cv-0439-WSD

BRIAN OWENS, et al.,

           Respondents.

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Alan J. Baverman's Final Report and Recommendation ("R&R") [4] regarding Edward E. Barber, III's ("Petitioner") Federal Petition for Writ of Habeas Corpus ("Petition") [1], on Petitioner's Objections to the R&R [7], and on Petitioner's Motion for a Writ of Mandamus [6].

## I.    BACKGROUND[1]

On February 7, 2013, Petitioner filed his Petition seeking federal habeas relief under 28 U.S.C. § 2241. (R&R at 1; Pet'r's Pet. at 1). Petitioner conclusorily asserts he is entitled to relief because his state trial judge was

---

[1] The parties have not objected to the facts set out in the R&R, and finding no plain error in the Magistrate Judge's findings, the Court adopts them. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993).

"unconstitutionally and unlawfully in office at the time of Petitioner's alleged criminal trial" and, thus, the state court lacked jurisdiction over him. (R&R at 2; Pet'r's Pet. at 3). Petitioner states that he raised this claim in 2005 and it has been considered and denied in his state habeas proceedings. (R&R at 2; Pet'r's Pet. at 2). He does not provide any further specific information in the record or otherwise to support his claim.

On March 8, 2013, the Magistrate Judge recommended that Petitioner's Petition be dismissed without prejudice and that a certificate of appealability be denied because it plainly appears that he is not entitled to relief in this Court under 28 U.S.C. § 2241.[2] (R&R at 2-4). Because the relief Petitioner seeks is only available under 28 U.S.C. § 2254, the Magistrate Judge recommended that Petitioner be sent forms for filing a federal habeas petition under that statute. (Id. at 4-5). The Magistrate Judge further noted that Petitioner failed to provide the Court with sufficient information to justify relief, regardless of the form of the petition.

---

[2] Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (hereinafter "Rule 4") requires the Court to "promptly examine" habeas corpus petitions and to order summary dismissal of a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Accordingly, federal district courts must prescreen and dismiss a frivolous habeas petition prior to any answer or other pleading by the respondents when the petition "appears legally insufficient on its face." McFarland v. Scott, 512 U.S. 849, 856 (1994).

On April 8, 2013, Petitioner filed objections to the Magistrate Judge's R&R, summarily asserting that the Magistrate Judge did not take "judicial notice" of "facts already adjudicated in this matter." (Pet'r's Obj. at 2.)  Along with his objections, Petitioner also moved for a writ of mandamus [6] directing the Magistrate Judge to take "judicial notice of the binding precedents of the U.S. Supreme Court."  (Pet'r's Mot. at 1.)

## II.   DISCUSSION

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983).  A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  With respect to those findings and recommendations to which a party has not asserted objections, the Court must conduct a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984).

The Court has conducted a *de novo* review of Petitioner's request for habeas relief.  The Court, like the Magistrate Judge, concludes that this action is required

to be dismissed because it plainly appears that Petitioner is not entitled to relief in this Court under 28 U.S.C. § 2241, and there are no other asserted grounds for the relief Petitioner requests.

The Court further concludes, like Magistrate Judge, that a certificate of appealability should be denied, because Petitioner cannot make a substantial showing that he was denied a constitutional right.  The Court finds that Petitioner's motion for a writ of mandamus is wholly without merit.

### III.  CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Alan J. Baverman's Final Report and Recommendation [3] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Writ of Mandamus [6] is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Federal Petition for Writ of Habeas Corpus [1] is **DENIED** and the Petition is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Petitioner is **DENIED** a certificate of appealability.

5

**SO ORDERED** this 27th day of September, 2013.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE